In the Matter of ANONYMOUS.

No. 71S00–9407–DI–631.

Supreme Court of Indiana.

Nov. 15, 1995.

DISCIPLINARY ACTION

PER CURIAM.

The respondent in this attorney disciplinary action was charged with violating Rule 1.5(c) of the *Rules of Professional Conduct for Attorneys at Law*. The Disciplinary Commission and the respondent have reached a conditional agreement for discipline, pursuant to Indiana Admission and Discipline Rule 23, Section 11(g), in which they stipulate the facts and agree that a private reprimand is an appropriate disciplinary sanction for the misconduct that occurred. We agree, and therefore approve the tendered agreement. Additionally, this case presents an opportunity for this Court to educate the Bar as to necessity that contingent fee agreements in worker's compensation actions be in writing.

Upon being retained to represent an employee (the "client") in a worker's compensation claim, the respondent explained to his new client that his attorney fees would be contingent upon recovery of benefits. He also explained that the fee would be limited by the worker's compensation regulations governing attorney fees, and also apparently advised his client of specific provisions of such laws. He did not, however, prepare and furnish the client with a written contingent fee agreement explaining the method by which the fees would be determined. Later, the respondent settled his client's claim for $3,817.02. Of that amount, he forwarded $2,942.44 to his client, retaining $863.40 in attorney fees and $11.18 in costs. The respondent calculated the fee pursuant to applicable fee schedules promulgated by the Indiana Worker's Compensation Board.[1]

---

1. Pursuant to 631 I.A.C. 1–1–24, insofar as it is relevant to this case, the Worker's Compensation Board of Indiana allows attorneys to retain from amounts recovered as their fee a minimum of $100 and 20% upon the first $10,000 of the recovery, 15% on the second $10,000 of recovery, and 10% upon all recovery in excess of $20,000. The Board maintains continuing jurisdiction over all attorney fees in cases before the Board and the Board may order a different attor-

During the course of these disciplinary proceedings, the respondent attributed his failure to provide his client with a written agreement to his mistaken belief that the fee schedules obviated any need for such documentation.

■ Despite the provisions in the Indiana Administrative Code establishing attorney fee schedules for worker's compensation actions, any contingent fee agreement entered with a client in a worker's compensation action must be memorialized in writing pursuant to Ind.Professional Conduct Rule 1.5(c), which provides:

> A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d)[2] or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing remittance to the client and the method of its determination.

■ Written statements explaining the method by which attorney fees will be calculated reduce the possibility of misunderstandings between attorneys and their clients.[3] An attorney should not assume that, absent a written agreement, legal provisions establishing limits on contingent fees will be fully understood by the client. The principles underlying the requirement that contingent fee agreements be written are as applicable to situations where fee ceilings apply as to those where they do not. We therefore find that the respondent violated Prof.Cond.R. 1.5(c) by failing to provide to his client the requisite written contingent fee agreement.

Costs of this proceeding are assessed against the respondent.

---

ney fee schedule or allowance in a proper case. Medical and hospital expenses awarded to the employee are not included in the computation of attorney fees except under certain specified conditions.

2. Rule 1.5(d) provides:
(d) A lawyer shall not enter into an arrangement for, charge, or collect:
(1) any fee in a domestic relations matter, the payment of which is contingent upon the securing of a dissolution, obtaining the custody of a child, the amount of support, or the measure of property settlement; or
(2) a contingent fee for representing a defendant in a criminal case.
This provision does not preclude a contract for a contingent fee for legal representation in a domestic relations post-judgment collection action, provided the attorney clearly advises his or her client in writing of the alternative measures available for the collection of such debt and, in all other particulars, complies with Prof.Cond.R. 1.5(c).

3. Written contingent fee agreements increase the client's awareness of what the final bill for legal services will be. It has been stated that a client's consent to pay a specified fee can only be considered voluntary where the lawyer has communicated a fair estimate of the likely total fee to the client in advance. *See, generally,* G. Hazard and W. Hodes, *The Law of Lawyering,* Section 1.5:100 *et seq.* (2d Ed.1990).